ROGERS *v.* CARPENTER.

1. APPEAL AND ERROR—WHERE APPELLANTS REFUSED OFFER OF RE-
HEARING ON MERITS SUPREME COURT HAS POWER TO VACATE
DECREE AND GRANT REHEARING.

Where, in suit to set aside certain conveyances as in fraud of
creditors, defendants failed to appear at hearing and settle-
ment of decree, and plaintiff failed to supply proper proofs
to support decree entered in his favor, and, on settlement of
case for review, court refused to enlarge record to include
evidence not offered on hearing, and defendants refused offer
to set aside decree and proceed to hearing on merits, Supreme
Court has power, on appeal, to set aside decree and grant
rehearing on merits, since defendants, by their inexcusable
defaults, may not prevent administration of exact justice.

2. COSTS—NO COSTS AWARDED TO EITHER PARTY WHERE BOTH AT
FAULT.

Where case would not be in Supreme Court had plaintiff sup-
plied proper proofs on hearing or had defendants availed
themselves of tendered opportunity to have hearing on merits,
no costs are awarded by Supreme Court to either party on
vacating decree and remanding case for rehearing on merits.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted October 25, 1929. (Docket No. 131, Cal-
endar No. 34,651.) Decided December 3, 1929.

Bill by George B. Rogers, trustee in bankruptcy
for Amos M. Carpenter, bankrupt, against Amos M.
Carpenter and Florence I. Carpenter to set aside
certain conveyances alleged to have been made in
fraud of creditors. From a decree for plaintiff, de-
fendants appeal. Reversed and remanded.

*Jewell, Face, Messinger & Grettenberger,* for ap-
pellants.

*Fred G. Stanley,* for appellee.

WIEST, J. The bill herein was filed by a trustee in bankruptcy to reach assets of defendant Amos M. Carpenter, bankrupt, claimed to have been placed in the names of the bankrupt and his wife in fraud of creditors. Defendants appeared by attorneys and by joint answer denied the alleged fraud. Notice of hearing of the cause was given to defendants' attorneys and they notified the attorney for plaintiff that they had withdrawn from the case and had sent the papers in their hands to defendants. Notice of withdrawal was not filed. The hearing was had on the day noticed, and the proofs of plaintiff taken. Defendants were not present. Decree was granted plaintiff and a copy of the proposed decree, with notice of time of settlement thereof, was mailed to defendants. Defendants did not appear and the decree was signed. Defendants, in proper person, claimed an appeal, paid the appeal fee, and had the time extended in which to perfect the appeal. At the settlement of the case for review in this court plaintiff asked leave to have included certain exhibits referred to by a witness at the hearing but not introduced in evidence and, therefore, not a part of the record, and also wanted to supplement the record by the testimony of another witness, and offered to set aside the decree and proceed to a hearing on the merits. The attorneys for defendants, having resumed their relation, objected, and also declined the offer of a rehearing upon the merits. The circuit judge refused to enlarge the record, and, because the appeal had been perfected, held that he could not vacate the decree and rehear the case on the merits.

The record before us does not justify the decree entered in the circuit court. Defendants should have accepted the offer of a rehearing on the merits. The circuit judge stated that the offer to vacate the de-

cree and rehear the case appealed to the conscience of the court "and if there were any authority in practice for the granting of this motion, this court would unhesitatingly do so; but I am not aware of any power of the court to do so."

We have the power. Defendants, by their inexcusable defaults at the hearing and settlement of the decree, may not now prevent the administration of exact justice.

The decree in the circuit is vacated and the case remanded, with direction to rehear the same upon the merits.

The case would not be here had plaintiff supplied proper proof in the circuit or had defendants availed themselves of the tendered opportunity to have a hearing upon the merits. For these reasons there will be no costs awarded to either party.

NORTH, C. J., and FEAD, BUTZEL, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.